Linda Birtcher, Task Force Coordinator Governor's Dislocated Worker Task Force #2 Capitol Mall P.O. Box 2981 Little Rock, Arkansas 72203-2981
Dear Ms. Birtcher:
You have requested approval for two proposed interlocal agreements, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.]. One of the agreements is between the Arkansas Employment Security Department (AESD) and the Arkansas AFL-CIO (AR AFL-CIO). The other agreement is between the AESD and the Vocational and Technical Education Division (VTED). You have submitted a copy of both proposed agreements.
For reasons set forth below, I have concluded that Attorney General approval for the two submitted agreements is not necessary. I will address the proposed agreements separately.
The Agreement Between AESD and AFL-CIO
Under the terms of the proposed agreement between AESD and AR AFL-CIO, the parties agree generally that AR AFL-CIO will conduct Worker Assistance Workshops for AESD to help dislocated workers cope with effects from job loss. The AESD is authorized to operate a job training program under the Job Training Partnership Act of 1982 (P.L. 97-300).
Attorney General approval is not necessary in this case for two reasons: (1) the agreement does not appear to be one between two public agencies having the same powers, privileges, or authority under the law; and (2) the agreement does not appear to be one for joint cooperative action as envisioned under the Interlocal Cooperation Act (A.C.A. § 25-20-101 etseq.).
Under the Interlocal Cooperation Act, Attorney General approval is necessary for agreements for "joint cooperative action" between or among "public agencies."[1] A.C.A. § 25-20-104.
Arkansas Code Annotated § 25-20-104 provides generally:
 (a) Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law . . .
 (b) Any two (2) or more public agencies may enter into agreements with one another for joint cooperative action pursuant to the provisions of this chapter.
It is apparent that the agreements envisioned under the Interlocal Cooperation Act offer a vehicle for the joint exercise of the same "powers, privileges, or authority" which each public agency may exercise independently.
The submitted agreement between AESD and AFL-CIO appears to be more in the nature of a contract for services, rather than a joint undertaking, for purposes of the Interlocal Cooperation Act. See A.C.A. § 25-20-108. Moreover, because one of the parties to the agreement is the AFL-CIO, the agreement does not appear to constitute an agreement between two "public agencies" envisioned by the Act. It is therefore my opinion that Attorney General approval of this agreement is not required by Arkansas law.
There is, of course, as a general matter, no prohibition against a contract between a labor union and a political subdivision; indeed, A.C.A. § 25-20-108(a) specifically contemplates contracts between and among public agencies for the performance of "any governmental service, activity, or undertaking." My approval of such contracts, however, is not required.
The Agreement Between AESD and VTED
Under the terms of the proposed agreement between AESD and VTED, the two public agencies generally agree that the VTED, part of the Governor's Dislocated Worker Task Force, will provide services in the form of workshops for workers. More specifically, AESD will provide VTED with information and VTED will then conduct workshops as a compensated service to AESD.
It is my opinion that approval of the submitted agreement between AESD and VTED is not required under A.C.A. § 25-20-104, because it does not appear to be an agreement for a joint or cooperative undertaking within the meaning of the Interlocal Cooperation Act.
Rather, this program appears to constitute the provision of services, which indicates that the agreement is more in the nature of a contract as authorized under A.C.A. § 25-20-108, rather than an agreement for a joint or cooperative undertaking within the meaning of the Interlocal Cooperation Act. For this reason, I conclude that A.C.A. § 25-20-104 is inapplicable to this agreement; therefore, Attorney General approval is not required.
As noted of the first agreement addressed in this opinion, there is generally no prohibition against a contract between two public agencies for the performance of "any governmental service, activity, or undertaking." A.C.A. § 25-20-108(a). My approval of such contracts is not required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA:LS/cyh
[1] The Act defines "public agency" as "any school district, any political subdivision of this state, any agency of the state government or of the United States, any political subdivision of another state, water districts created under the provisions of 14-116-101 et seq., and fire departments organized under the laws of this state if the fire departments offer fire protection services to unincorporated areas and have received approval by their quorum courts for participation in an interlocal cooperation agreement."